FILED
01 AUG 23 PM 2: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 23 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER PRIDE,  ]
    ]
   Plaintiff(s),  ]
    ]
vs.  ]
    ]  CV 01-N-2044-S
THE BOARD OF TRUSTEES OF THE  ]
UNIVERSITY OF ALABAMA; et al.,  ]
    ]
   Defendant(s).  ]
    ]

### MEMORANDUM OF OPINION

This is an action for injunctive relief brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101-12213 ("ADA") and the Rehabilitation Act, 29 U.S.C. § 794.[1] This court held an evidentiary hearing on the plaintiff's request for temporary restraining order and preliminary injunction on August 17, 2001.

Plaintiff Christopher Pride is a student at the University of Alabama at Birmingham School of Dentistry. He completed two years of dental school, maintaining a respectable grade point average. At the beginning of his third year, in September 2000, he was advised that he should undergo radiation therapy for a pre-existing brain tumor.[2] Mr. Pride spoke with several members of the dental school faculty about his medical

---

[1] Mr. Pride also asserts he is bringing this action "under the law of the State of Alabama providing that state officials can be held liable for actions taken in bad faith." He has not further elaborated on this claim and it will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

[2] The brain tumor had been discovered in 1997, while Mr. Pride was an undergraduate at the University of Michigan. (Plaintiff's Exhibit 1). Prior to the fall of 2000, the tumor had not affected his dental studies. *Id.*



problem, and was generally advised that he did not need to take a leave of absence, that a leave of absence would require him to take off the entire year, and that the school would work with him to assist in completion of his work. Based on these representations, Mr. Pride decided to begin his third year of dental school.

However, Mr. Pride experienced difficulties keeping current in his school requirements during the six weeks he underwent the radiation therapy. He testified that during the period he was undergoing radiation he was able to continue with his morning "didactic" classes, but he was unable to complete the afternoon clinical work which was scheduled at approximately the same time as his radiation treatments. He also underwent psychiatric treatment for anxiety and depression related to his illness. Other than the irreconcilable conflict between the schedule of his treatments and the schedule of his classes, Mr. Pride did not otherwise experience any physical limitations related to his medical condition. He testified that he experienced occasional nausea and tiredness during the treatments, but that he otherwise was unrestricted in his activities. The dental school faculty members were aware of his difficulties, but Mr. Pride did not then request any particular accommodations for his situation. The radiation therapy was completed in November 2000.

Mr. Pride received "F" grades for three clinical courses which he was unable to complete during his third year of dental school. His request for additional time to complete his assignments during the summer was denied. On June 25, 2001, Dean Mary Lynn Capilouto sent Mr. Pride written notification that he would be placed on academic probation and required to repeat his junior year. Mr. Pride filed this action on July 25, 2001, seeking an injunction requiring the school to give him a reasonable opportunity to

complete his clinical requirements while beginning his senior year. At this court's hearing on August 17, Mr. Pride alternatively requested that the court order the dental school to change his "F" grades to "incomplete."

Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa. *Cash v. Smith*, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000). The ADA and the regulations interpreting the Rehabilitation Act define "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* at 1305; 42 U.S.C. § 12102(2); 34 C.F.R. § 104.3(j)(1). In determining whether a physical impairment substantially limits a major life activity the court must consider (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. 20 C. F. R. § 1630.2(j)(2); *Sutton v. Lader*, 185 F.3d 1203, 1208-09 (11th Cir. 1999)(Rehabilitation Act does not cover temporary inability to work while recuperating from surgery). A physical impairment does not substantially limit the major life activity of working merely because it precludes the performance of one particular job. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998). Although Mr. Pride's brain tumor is undoubtedly serious medical condition, the evidence shows that its impact on his major life activities was minimal and it has created no permanent impact on his ability to perform. Accordingly, Mr. Pride's request for injunctive relief is due to be denied and this action is due to be dismissed.

A separate order will be entered.

Done, this 22nd of August, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE